# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO RODRIGUEZ,<br><br>    Petitioner,<br><br>    v.<br><br>B.M. TRATE, et al.,<br><br>    Respondents. | Case No. 1:23-cv-01008-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 14) |

Petitioner Edgardo Rodriguez, represented by counsel, is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner was convicted in the Alameda County Superior Court of murder, in violation of California Penal Code section 187, shooting at an inhabited dwelling/vehicle, in violation of California Penal Code section 246, and attempted murder, in violation of California Penal Code sections 664 and 187. On September 16, 2003, Petitioner was sentenced to an imprisonment term of life without the possibility of parole. (ECF No. 1-1 at 1.[1]) In 2021, while Petitioner was serving his state sentence in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), Petitioner was indicted in the United States District Court for the

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1  Northern District of California. (ECF No. 14 at 2; App. 11, 31.[2]) On August 27, 2021, the United
2  States District Court for the Northern District of California issued a writ of habeas corpus ad
3  prosequendum. (United States v. Cervantes, et al., No. 4:21-cr-00328-YGR (N.D. Cal. Aug. 27,
4  2021), ECF No. 498.[3]) On July 27, 2022, Petitioner pleaded guilty to racketeering conspiracy, in
5  violation of 18 U.S.C. § 1962(d), pursuant to a plea agreement. (Cervantes, No. 4:21-cr-00328-
6  YGR (N.D. Cal. Sept. 29, 2022), ECF Nos. 382, 387.) On September 1, 2022, Petitioner was
7  sentenced to an imprisonment term of seventy-four months that "must be served consecutively to
8  any other term already imposed by the state of California." (Judgment at 2, Cervantes, No. 4:21-
9  cr-00328-YGR (N.D. Cal. Sept. 1, 2022), ECF No. 426.)

10  On June 30, 2023, Petitioner filed a petition for writ of habeas corpus pursuant to 28
11  U.S.C. § 2241 in this Court. (ECF No. 1.) At the time of filing, Petitioner was housed at the
12  United States Penitentiary in Atwater, California ("USP Atwater"). (ECF No. 1 at 2.) On July 11,
13  2023, the Court ordered Respondent to file a response to the petition. (ECF No. 5.)

14  On September 5, 2023, the parties filed a stipulation for relating this case with Yrigollen
15  v. Trate, No. 1:23-cv-00981, Castro v. Trate, No. 1:23-cv-00982, Maldonado v. Trate, No. 1:23-
16  cv-00993, and Robledo v. Trate, No. 1:23-cv-00995, and modified briefing schedules. (ECF No.
17  8.) On September 25, 2023,[4] Judge Thurston related and reassigned the cases. (ECF No. 10.) On
18  October 27, 2023, Respondent filed a motion to dismiss and response to the petition. (ECF No.
19  ///

---

[2] "App." refers to the Appendix filed by Respondent on October 27, 2023, and the page numbers refer to the pagination stamped in bold at the bottom right corner. (ECF No. 14-1.)

[3] The writ stated in pertinent part:
> Pursuant to the foregoing petition and order, you are directed to produce the body of EDGARDO RODRIGUEZ . . . , who is in the custody of Salinas Valley State Prison, . . . to the U.S. Marshal and/or his authorized deputies prior to appearing before the Honorable Nathanael Cousins, United States Magistrate Judge for the Northern District of California, . . . on September 15, 2021, at 1:00 p.m., or as soon thereafter as practicable, on the charges filed against defendant in the above-entitled Court and further to produce said defendant at all future hearings as necessary until the termination of the proceedings in this Court.

(Writ at 5, Cervantes, No. 4:21-cr-00328-YGR (N.D. Cal. Aug. 27, 2021), ECF No. 498.) See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotation marks and citation omitted)); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

[4] The order was signed on September 22, 2023, but not docketed until September 25, 2023.

1 14.) On December 7, 2023, Petitioner filed an opposition to the motion to dismiss and reply in
2 support of the petition. (ECF No. 15.)

**II.**

**DISCUSSION**

Petitioner raises one ground for relief in the petition, asserting that he "is being improperly held in the U.S. Bureau of Prisons [BOP], when California's Dept. of Corrections and Rehabilitation has primary custody, requiring petitioner's return to CDCR." (ECF No. 1 at 7.) Respondent moves to dismiss the petition, arguing that there is no § 2241 jurisdiction to challenge Petitioner's place of confinement, Petitioner is not under the primary jurisdiction of the State of California, and Petitioner failed to exhaust administrative remedies. (ECF No. 14 at 1.)

**A. Standing**

Respondent asserts that "as a threshold matter, Petitioner's transfer back to the custody of the state of California claim — under the primary jurisdiction doctrine —must be jurisdictionally dismissed for lack of constitutional standing and failure to state a claim under law." (ECF No. 14 at 2.) Respondent contends that because "primary jurisdiction does not establish jurisdiction under § 2241, Petitioner lacks standing to demand that any sovereign (state or federal) with primary jurisdiction over him be compelled under § 2241 by this EDCA court-of-custody to be released to another sovereign (state or federal)." (Id. at 3.) Petitioner argues that "Respondent has confused the question of merit with that of jurisdiction and standing." (ECF No. 15 at 1.)

"Trained on 'whether the plaintiff is [a] proper party to bring [a particular lawsuit,]' standing is '[o]ne element' of the Constitution's case-or-controversy limitation on federal judicial authority, expressed in Article III of the Constitution." Arizona State Legislature v. Arizona Indep. Redistricting Comm'n, 576 U.S. 787, 799 (2015) (alterations in original) (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)). The Supreme Court has cautioned that "one must not 'confus[e] weakness on the merits with absence of Article III standing.'" Arizona State Legislature, 576 U.S. at 800 (alteration in original) (quoting Davis v. United States, 564 U.S. 229, 249 n.10 (2011)). In light of the Supreme Court's admonition, and given the motion to dismiss argues Petitioner's claim "must be jurisdictionally dismissed for lack of constitutional

3

standing *and failure to state a claim under law*," (ECF No. 14 at 2 (emphasis added)), the Court finds that Respondent's arguments regarding lack of standing are better understood as shorthand for failure to state a claim that would entitle Petitioner to habeas relief.[5] See Moody v. Holman, 887 F.3d 1281, 1286 (11th Cir. 2018) ("The reference in our earlier cases to lack of standing is therefore best seen as shorthand for holding that the prisoners in question, as a matter of substantive law, did not have a claim that would entitle them to habeas relief."); Bean v. Matteucci, 986 F.3d 1128, 1132 (9th Cir. 2021) (noting that "the state mischaracterizes the cognizability question as a subject-matter jurisdiction issue" and distinguishing "a petitioner's obligation to satisfy the elements of his claim for habeas relief" from "a district court's subject-matter jurisdiction").

### B. Primary Jurisdiction

"The concept of primary jurisdiction was established by the Supreme Court . . . a century ago, when it acknowledged the need for comity between state and federal authorities with respect to managing defendants who are subject to both state and federal criminal prosecutions and sentences." Johnson v. Gill, 883 F.3d 756, 761 (9th Cir. 2018) (citing Ponzi v. Fessenden, 258 U.S. 254, 259 (1922)). "In Ponzi, the Supreme Court stated the general rule that the first sovereign to arrest a defendant obtains primary jurisdiction over him as against other sovereigns." Johnson, 883 F.3d at 761 (citing Ponzi, 258 U.S. at 260). "Nevertheless, the sovereign with primary jurisdiction could consent to the defendant's transfer to another sovereign for trial or other proceedings." Johnson, 883 F.3d at 762 (citing Ponzi, 258 U.S. at 261). "Such a decision is vested 'solely to the discretion of the sovereignty making it,' acting through 'its representatives with power to grant it.'" Johnson, 883 F.3d at 762 (quoting Ponzi, 258 U.S. at 260). Thus, "[t]he term 'primary jurisdiction' in this context refers to the determination of priority of custody and service of sentence between state and federal sovereigns." Taylor v. Reno, 164 F.3d 440, 444 n.1 (9th Cir. 1998) (citing United States v.

---

[5] This conclusion is further supported by Respondent's arguments that "Petitioner does not allege that his federal custody for service of his NDCA sentence is in violation of the Constitution, federal law, or treaties as required by § 2241. Rather, Petitioner falsely claims the doctrine of primary jurisdiction conveys obligation that Petitioner must be returned to the entity (CDCR) that had prior custody. There is no such obligation under the Constitution, federal law, or treaties. Accordingly, dismissal is compelled." (ECF No. 14 at 4 (citation omitted).)

Warren, 610 F.2d 680, 684 (9th Cir. 1980)). "A lack of 'primary jurisdiction' does not mean that a sovereign does not have jurisdiction over a defendant. It simply means that the sovereign lacks priority of jurisdiction for purposes of trial, sentencing and incarceration." Taylor, 164 F.3d at 444 n.1 (citing Warren, 610 F.2d at 684–85). Accord Johnson, 883 F.3d at 759 n.1.

Petitioner acknowledges that the "question of primary jurisdiction usually arises in the context of whether a prisoner is entitled to credits against a federal sentence pursuant to 18 U.S.C. § 3585," but contends that the principle "applies equally to the order in which multiple sentences, whether imposed consecutively or concurrently should be served," and asserts that the principles articulated by Thomas v. Brewer, 923 F.2d 1361 (9th Cir. 1991), and Johnson v. Gill, 883 F.3d 756 (9th Cir. 2018), "control the outcome here." (ECF No. 1-1 at 3.)

Thomas concerned "the effect of producing a prisoner in state custody for sentencing in federal court on when the federal sentence is deemed to commence." 923 F.2d at 1366. Johnson also concerned the issue of when a federal sentence is deemed to commence, albeit involving two erroneous transfers to federal authorities while the petitioner served his state sentence. 883 F.3d at 759. Although the question of primary jurisdiction was central to the analysis in both Thomas and Johnson, the Court finds that those cases do not directly control here. Rather, the Ninth Circuit was previously presented with a habeas petition raising an identical claim to the one raised here in Stamphill v. Johnston, 136 F.2d 291, 291 (9th Cir. 1943), which controls the outcome in the instant matter.

In Stamphill, the petitioner had been serving an Oklahoma state sentence when he was surrendered to the United States Marshal Service pursuant to a writ of habeas corpus ad prosequendum for trial in the federal court, which resulted in his conviction and sentence. 136 F.2d at 291. The writ of habeas corpus ad prosequendum issued by the federal court contained language that "when final disposition has been made of the above styled and numbered cause [in federal court], you shall return the said defendants to the Oklahoma State Penitentiary at McAlister, Oklahoma." Id. at 292. However, after the petitioner was convicted and sentenced in federal court, the petitioner was taken to a United States penitentiary and was serving his federal sentence when he filed his habeas petition. Id. at 291–92.

> [The petitioner]'s claim is that he should be restored to the state penitentiary to finish the service of the state sentence there before being required to serve his federal sentence in the United States penitentiary at Alcatraz is based in part upon the form of the writ of habeas corpus ad prosequendum under which he was delivered to the United States marshal for trial in the federal court, and in part upon the theory that the state court having first acquired jurisdiction over him he has a right to insist upon his imprisonment under the state judgment of conviction notwithstanding a subsequent conviction for a federal offense.

Stamphill, 136 F.2d at 291. The Ninth Circuit stated, "It is clear that the federal authorities had actual possession of [petitioner] during his trial in the federal court. Jurisdiction resulted from that possession, and it follows that any question concerning the rightfulness of what was done in the exercise of that jurisdiction is *merely a question of comity*." Id. at 292 (emphasis added). Thus, "[s]uch a question cannot be raised by habeas corpus, which can be used to question the validity of imprisonment only upon constitutional grounds or on the ground, not presented by this case, of violation of a fundamental constitutional guarantee." Id. (citations omitted). In support of its conclusion, the Ninth Circuit noted that "[a]s pointed out by the Supreme Court in Ponzi v. Fessenden, the arrangement made between the two sovereigns, the state and federal governments, does not concern the defendant who has violated the laws of each sovereignty and he cannot in his own right demand priority for the judgment of either." Stamphill, 136 F.2d at 292 (citation omitted).

The Ninth Circuit came to the same conclusion in Poland v. Stewart, 117 F.3d 1094 (9th Cir. 1997). In Poland, the petitioner's conviction in Arizona state court was overturned by the Arizona Supreme Court. Id. at 1096. At the time of the state retrial, the petitioner was in a federal penitentiary serving his federal sentence. Id. at 1097. The petitioner was transferred to the custody of the State of Arizona for the state retrial and was again convicted and sentenced to death. The petitioner remained in Arizona state custody when he filed a federal habeas petition. Id. Therein, Poland argued he could not "be executed by Arizona until his federal sentence ha[d] 'expired[,]'" citing to Ponzi v. Fessenden. Poland, 117 F.3d at 1097. The Ninth Circuit held "[i]t is clear that Poland's contention has no merit." Id. at 1098. In so concluding, the Ninth Circuit cited to Stamphill v. Johnston, and Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950), which declared that "[i]t is well recognized rule of law that a person who has violated the criminal

6

1  statutes of both the Federal and State Government may not complain of the order in which he is
2  tried or punished for such offenses." Poland, 117 F.3d at 1098 (quotation marks omitted)
3  (quoting Gunton, 185 F.2d at 471).

4  Accordingly, Stamphill and Poland stand for the proposition that there is no cognizable
5  federal right to require the first sovereign to regain custody and have a prisoner complete his
6  unexpired sentence before serving the sentence imposed by the second sovereign. See Moody,
7  887 F.3d at 1290–91 (11th Cir. 2018) (collecting a "number of federal and state cases hold[ing]
8  that" a petitioner "cannot delay his execution by the second sovereign until he finishes serving a
9  non-capital sentence imposed by the first sovereign," and finding that "[t]he rationale of these
10  cases is that the prisoner does not have a cognizable federal right to require the first sovereign to
11  take back custody and have him complete its unexpired sentence"); United States ex rel.
12  Buchalter v. Warden of Sing Sing Prison, 141 F.2d 259, 259–60 (2d Cir. 1944) (L. Hand, J.)
13  ("Obviously, he [the prisoner] has actually the greatest possible interest in serving the remainder
14  of his federal [first sovereign] sentence, and the only question is whether that is an interest that
15  the law recognizes: i.e., whether it is a 'right.' It is not. . . . If it was unlawful for the Attorney
16  General to surrender custody of the prisoner, and to make it impossible for any further execution
17  of the federal sentence, it was not a wrong for him, for that sentence was imposed only in the
18  interest of the United States, not in any degree whatever as a benefit to the [prisoner]. He has
19  been deprived of nothing to which he was entitled; if the United States has been so deprived, he
20  may not vicariously assert its rights.").

21  Petitioner explains that in essence the "question is whether the two sovereigns may agree
22  to interrupt service of one sentence to allow service of another term and further, whether any
23  such agreement to do so is valid. These questions encompass whether the CDCR had the
24  authority to agree to surrender primary jurisdiction to the United States Department of Justice at
25  all." (ECF No. 15 at 3.) Based on Stamphill, Poland, and Ponzi, the answer is that this "is merely
26  a question of comity" that "cannot be raised by habeas corpus" because it does not implicate
27  "constitutional grounds" or a "violation of a fundamental constitutional guarantee" and there is
28  no cognizable federal right to require the first sovereign to regain custody and have a prisoner

7

complete his unexpired sentence before serving the sentence imposed by the second sovereign. Stamphill, 136 F.2d at 292. Accordingly, the Court finds that Petitioner fails to state a cognizable claim for federal habeas corpus relief and recommends that the petition be dismissed on this ground.[6]

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 14) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time

///
///
///
///

---

[6] In light of this conclusion, the Court declines to address whether dismissal is warranted for failure to exhaust. The Court observes that even if Petitioner's claim to be transferred back to state custody pursuant to the primary jurisdiction doctrine was cognizable in federal habeas corpus, considering "the record as a whole," it appears that primary jurisdiction lies with the federal government. Johnson, 883 F.3d at 765. The record before this Court includes: (1) a copy of a BOP letter, dated September 2, 2022, addressed to Kathleen Allison, then-Secretary of the CDCR, "in response to [Allison's] letter dated August 31, 2022, in which [Allison] request[ed] the Federal Bureau of Prisons accept primary jurisdiction for 13 currently incarcerated California Department of Corrections and Rehabilitation (CDCR) inmates," including Petitioner, and agreeing to accept primary jurisdiction; and (2) a state-lodged detainer, which reflects that Petitioner was released to BOP "for service of concurrent sentences between California and your agency/department." (App. 9–10.) See Johnson, 883 F.3d at 766, 768 (lodging of detainer is a factor indicating acknowledgement of another sovereign's priority).

may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler,</u> 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **February 12, 2024**  

_____

UNITED STATES MAGISTRATE JUDGE